Leroy CREASEY, Jr., Plaintiff–Appellant,

v.

METRO–NORTH COMMUTER, Defendant–Appellee.

No. 07–2155–cv.

United States Court of Appeals, Second Circuit.

March 13, 2008.

Leroy Creasey, pro se, Cleveland, OH, for Appellant.

Richard K. Bernard, Vice President and General Counsel, Metro–North Commuter Railroad (Carol Sue Barnett, on the brief), New York, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Leroy Creasey appeals from a February 23, 2007 order of the United States District Court for the Southern District of New York (Stanton, *J.*) denying his Motion to Reopen Litigation. Although not perfectly clear, Creasey's motion sought an order vacating the Special Board of Adjustment's (the "Board") January 16, 1992 decision upholding its earlier decision to deny Creasey reinstatement to his position as a locomotive-engineer trainee after Creasey failed to appear at a scheduled drug test. The Board's decision to sustain Creasey's discharge was previously affirmed by this Court in *Creasey v. Metro–North Com. Rail,* 993 F.2d 1534 (2d Cir. 1993) (unpublished summary order). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Creasey argues that: (1) the Board did not cite the applicable collective-bargaining agreement ("CBA") in its original award and, as a result, the Board exceeded its jurisdiction; (2) the Board exceeded its jurisdiction by not adopting his union's dissent; and (3) the district court "coached" the Board in its remand order, thereby violating his right to due process.

To establish that the Board exceeded its jurisdiction, Creasey must show that it failed to construe the CBA. *See CSX Transp., Inc. v. United Transp. Union,* 950 F.2d 872, 877 (2d Cir.1991) ("[W]here fraud is not an issue, we ask only whether the arbitrators did the job they were told to do . . . .") (quotation marks omitted). "[C]ollective-bargaining agreements may include implied, as well as express, terms." *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n,* 491 U.S. 299, 311, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). It is also "well established that the parties' practice, usage and custom is of significance in interpreting their agreement." *Id.* (quotation marks omitted). In its original award, the Board cited "established and uncontested company policy" as the basis for return-to-duty physical examinations. Thus, the Board construed the CBA and did not exceed its jurisdiction.

Creasey's argument that the Board exceeded its jurisdiction by not adopting his union's dissent similarly lacks merit. It is recognized that Board members will sometimes disagree and, as a result, the statute provides that a majority is "competent" to issue an award. 45 U.S.C. § 153(n). Although the majority and dissenting opinions represent a disagreement over the proper construction of the original award, Creasey cannot establish that the Board exceeded its jurisdiction on this basis.

Creasey's due process argument also fails. The district court did not

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

"coach" the Board to violate Creasey's due process rights. To the contrary, the district court found that the Board had not considered all of the documentation relevant to Creasey's claimed illness and remanded for the Board to consider the full record Creasey offered to support his excuse. Only after the Board complied and upheld its prior dismissal did the district court dismiss Creasey's petition. Thus, Creasey's due process rights were protected, not violated, by the district court's remand.

Although this Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's order, Creasey's arguments fail to bring this case within the narrow grounds to which judicial review of an adjustment board's decision is limited. *See Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978) (review of National Railroad Adjustment Board orders is limited to three grounds: (1) violation of the Railway Labor Act; (2) the Board exceeding its jurisdiction; and (3) fraud or corruption); *see also Shafii v. PLC British Airways,* 22 F.3d 59, 64 (2d Cir.1994) (Board orders are also reviewable on due process grounds). Thus, the district court's order denying Creasey's Motion to Reopen Litigation was entirely proper. And, as Creasey's motion to reopen litigation lacks merit, his motion for default judgment similarly fails.

We have considered all of Creasey's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED** and Petitioner's motion for default judgment is **DENIED**.